UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GRAZIELE DA SILVA,<br><br>　　　Petitioner,<br><br>　　　v.<br><br>PATRICIA HYDE, Field Office Director, MICHAEL KROL, HIS New England Special Agent in Charge, TODD LYONS, Acting Director U.S. Immigration and Customs Enforcement, and KRISTI NOEM, U.S. Department of Homeland Security,<br><br>　　　Respondents. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*　Civil Action No. 1:25-cv-12638-IT<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

MEMORANDUM & ORDER

October 7, 2025

TALWANI, D.J.

In response to Petitioner Graziele Da Silva's challenge to her detention by U.S. Immigration and Customs Enforcement without a bond hearing, Respondents assert, inter alia, that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2). Respondents' Abbreviated Response 2 [Doc. No. 6]. Respondents also "acknowledge that the principal legal issues in this case substantially overlap with those at issue in" the court's decision in Doe v. Moniz, __ F. Supp. 3d __, 2025 WL 2576819 (D. Mass. Sept. 5, 2025), and state that, "[s]hould the Court apply the same reasoning of [Doe and similar] cases here, it would reach the same result as the facts of those cases are materially indistinguishable from the facts presented in this case." Id. at 6.

Here, nothing in the record indicates that Petitioner was detained under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. The court finds the reasoning in Doe, in similar cases in this district and in other districts, and in this court's recent decision in Elias Escobar v. Hyde, et al., 2025

WL 2823324 (D. Mass. Oct. 3, 2025), remains correct. The Board of Immigration Appeals' decision in <u>Matter of Yajure Hurtado</u>, 29 I&N Dec. 216 (BIA 2025), is unpersuasive and does not change the analysis. <u>See</u> <u>Elias Escobar</u>, 2025 WL 2823324, at *3 (citing cases reaching the same conclusion).

Accordingly, the <u>Petition for Writ of Habeas Corpus</u> [Doc. No. 1] is GRANTED as follows. No later than October 14, 2025, Da Silva must be provided a bond hearing pursuant to 8 U.S.C. § 1226 or, if the immigration judge declines to conduct a bond hearing based on <u>Matter of Yajure Hurtado</u>, 29 I&N Dec. 216 (BIA 2025), Respondents shall so advise the court so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Da Silva in custody following a bond hearing shall set forth the reasons for the continued detention.

IT IS SO ORDERED.

October 7, 2025                                   /s/ Indira Talwani
                                                  United States District Judge